**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VINCENT CANNADY,<br><br>Plaintiff,<br><br>v.<br><br>BROUGHTON EARNEST, *et al.*,<br><br>Defendants. | Civil Action No. 1:20-cv-02462 (JMC) |

**MEMORANDUM OPINION & ORDER**

Pro se Plaintiff Vincent Cannady brought a litany of statutory and constitutional claims against four Defendants involved in a criminal case against him. The Court dismisses the claims against three of those Defendants for lack of personal jurisdiction, and dismisses the claims against the last Defendant, *sua sponte,* for failing to comply with Federal Rule of Civil Procedure 8(a).[1]

## I. BACKGROUND

Cannady filed this lawsuit on August 31, 2020. ECF 1. He alleged that each of the four Defendants violated the Civil Rights Act, the Americans with Disabilities Act, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. *Id.* at 8–16.

Cannady alleged that Broughton M. Earnest, a retired Maryland state judge, refused to provide him an accommodation under the Americans with Disabilities Act and denied Cannady's request to appear via written motions, among other alleged misconduct. ECF 1 at 8–11. Cannady also sued Paul B. DeWolfe, the former Maryland Public Defender, and Rebecca Feldman, Deputy

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

Director of the Maryland Office of the Public Defender, for allegedly providing inadequate legal assistance to Cannady. *Id.* at 11–15. Finally, Cannady alleged that Talbot County Commissioner 3151 made multiple errors in issuing Cannady's charging documents and warrant. *Id.* at 15–16. Cannady brought the same statutory and constitutional claims against all four Defendants and sought between $250,000 to $1,250,000 in damages against each Defendant. *Id.* at 8–16.

Three of the four Defendants—Earnest, DeWolfe, and Feldman—filed a Motion to Dismiss, arguing that the Court lacks personal jurisdiction over the Defendants and, in the alternative, that various immunities bar the claims from proceeding. *See* ECF 4. Cannady has not identified Talbot County Commissioner 3151 by name nor served that person.

The Court issued a *Fox* Order advising Cannady of the consequences of failing to respond to Defendants' Motion to Dismiss. ECF 6; *cf. Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988). Twice this Court granted Cannady an extension of time to file his response, but Cannady never did so.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires courts to dismiss claims if they are brought against a Defendant over whom the Court lacks personal jurisdiction. The plaintiff bears the burden of making "a prima facie showing of the pertinent jurisdictional facts to survive a motion to dismiss for lack of personal jurisdiction." *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56–57 (D.C. Cir. 2017) (quoting *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)). "A plaintiff must allege specific acts connecting the defendant with the forum." *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). "When deciding personal jurisdiction without an evidentiary hearing[,] the court 'must resolve factual disputes in favor of the plaintiff.'" *Livnat*, 851 F.3d at 57 (quoting *Helmer v. Doletskaya*, 393 F.3d 201, 209

D.C. Cir. 2004). But the court cannot rely on a plaintiff's inferences if they are unsupported by the facts. *Id.*

Local Rule 7(b) permits a court to "treat [a] motion as conceded" if a non-moving party does not file a memorandum in opposition within the allotted time. *See Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 480 (D.C. Cir. 2016) (collecting cases in which district courts applied Local Rule 7(b) to grant motions to dismiss).

## III. ANALYSIS

Defendants assert several affirmative defenses in their Motion to Dismiss. Because the Court agrees with Defendants' argument that this Court lacks personal jurisdiction over them, it dismisses the claims against Defendants Earnest, DeWolfe, and Feldman, and does not need to address Defendants' remaining arguments. The Court also dismisses the claims against Defendant Talbot County Commissioner 3151 because Cannady failed to comply with Federal Rule of Civil Procedure 8(a), although the Court grants Cannady thirty days to file an amended complaint against Talbot County Commissioner 3151.

### A. The Court does not have personal jurisdiction over Defendants Earnest, DeWolfe, or Feldman.

Personal jurisdiction comes in two flavors: general and specific. A court has general jurisdiction over an individual defendant in their state of domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Because Cannady alleged that Earnest, DeWolfe, and Feldman all live in Maryland, ECF 1 at 2, the Court lacks general jurisdiction over those three Defendants. This Court sits in Washington, D.C., not Maryland, and there is no indication that the Defendants have consented to suit in Washington, D.C.

Cannady fares no better when it comes to specific jurisdiction. A court may exercise specific jurisdiction over a defendant when it complies with the state's long-arm statute and "does

not offend traditional notions of fair play and substantial justice." *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). D.C.'s long-arm statue provides for personal jurisdiction over people who, among other things, transact business in the District; cause tortious injury in the District; or have an interest in real property in the District. *See* D.C. Code Ann. § 13-423(a). These actions constitute the sort of "minimum contacts" with a state that give rise to specific jurisdiction. *Int'l Shoe Co.*, 326 at 317.

Cannady does not allege facts that bring any of these three Defendants within reach of D.C.'s long-arm statute. Cannady vaguely claims that Earnest discriminated against him while presiding over Cannady's case, but Earnest was a judge in Maryland, not the District of Columbia. ECF 1 at 2; 8–11. Cannady does not include any additional factual allegations that Earnest committed misconduct in the D.C. area. That missing component—facts tying Earnest's alleged actions to the state in which this Court sits—precludes the Court from exercising personal jurisdiction over Earnest.

Cannady also alleged that DeWolfe and Feldman violated his statutory and constitutional rights by, for example, preventing Cannady from representing himself in court. ECF 1 at 11–15. As with the claims against Earnest, Cannady's claims against DeWolfe and Feldman also lack necessary factual allegations to support specific jurisdiction. Both public defenders worked for the Maryland Office of the Public Defender, ECF 1 at 2, and Cannady does allege that either Defendant committed misconduct on the other side of the Beltway. Without those supporting factual allegations, the Court cannot let these claims proceed.

### B. The claims against Talbot County Commissioner 3151 are dismissed under FRCP 8(a).

With the claims against Defendants Earnest, DeWolfe, and Feldman dismissed for lack of personal jurisdiction, the Court considers Cannady's claims against Talbot County Commissioner

3151. This Defendant has not been identified by name, served, or responded to Cannady's Complaint. Nonetheless, the Court concludes that these claims must be dismissed for failing to comply with Federal Rule of Civil Procedure 8(a). However, the Court grants Cannady 30 days to correct his mistakes and file an amended complaint.

Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation: Rule 8(a) is intended to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure. Cannady's complaint fails to do so with regards to Talbot County Commissioner 3151. Cannady alleges that the Commissioner violated the Americans with Disabilities Act, the Civil Rights Act, and the Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution in two ways: by failing to "write his or her name in [p]lain[] text on the Charging Document," and by failing to "provide adequate legal reasoning for issuing a warrant without notifying the Plaintiff of said warrant." ECF 1 at 15–16. Neither allegation gives rise to a discernable cause of action or provides the Defendant fair notice of the basis for Cannady's claims as required by Rule 8(a).

Fatal to both of his factual allegations, Cannady does not explain the Commissioner's role in arresting and charging individuals. To the best of the Court's knowledge, the five

Commissioners sitting on the Talbot County Council constitute a local government body responsible for passing and enforcing laws. *See County Council*, Talbot County, Maryland (https://talbotcountymd.gov/county_council) (last visited October 24, 2022). It is unclear from Cannady's Complaint what role, if any, the Commissioners play in signing charging documents or issuing arrest warrants. Without that explanation, the Court is unable to determine how the Defendant-Commissioner's alleged misconduct violates any of the statutes or constitutional amendments listed in Cannady's Complaint. If the Court cannot make out Cannady's claim, the Defendant presumably cannot, either.

The Court acknowledges that dismissing a claim *sua sponte* is an unusual step, but it may do so when a plaintiff fails to comply with procedural rules. *See, e.g.*, *Brown v. Washington Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with FRCP 8(a)); *Hamrick v. United States*, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

## IV. CONCLUSION AND ORDER

The Court dismisses Cannady's claims against Defendants Earnest, DeWolfe, and Feldman under Federal Rule of Civil Procedure 12(b)(2) due to lack of personal jurisdiction. The Court also dismisses Cannady's claims against Talbot County Commissioner 3151 for failure to comply with Rule 8(a). The Court grants Cannady thirty days to file an amended complaint as to his claims against Talbot County Commissioner 3151. If Cannady fails to do so, or files an amended complaint that merely repeats the deficient allegations against this Defendant, the Court may dismiss his case. *Brown*, 164 F. Supp. 3d at 35.

**ORDERED** that Defendants' Motion to Dismiss, ECF 4, is **GRANTED**.

**ORDERED** that Plaintiff's Complaint against Talbot County Commissioner 3151 is dismissed for failure to comply with Rule 8(a). However, the Court grants Plaintiff thirty days to file an amended complaint that complies with this Rule.

**SO ORDERED.**

DATE: November 14, 2022

Jia M. Cobb
U.S. District Court Judge